UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

            v.

ANTONIO AVILA VERDUZCO, and
FRANCISCO PADILLA,

                    Defendants.

NO. CR-05-2087-3-LRS
NO. CR-05-2087-5-LRS

**ORDER DENYING DEFENDANTS'
MOTIONS FOR RECONSIDERATION**

     BEFORE THE COURT is the Defendant Verduzco's Motion for
Reconsideration, Ct. Rec. 339, filed on March 26, 2006 in No. CR-05-2087-
LRS-3; and Defendant Padilla's Motion to Join in Motion to Reconsider
Dismissal Without Prejudice, Ct. Rec. 346, filed on March 28, 2006 in No.
CR-05-2087-LRS-5.  The government has not responded.

     Defendant Verduzco argues that the failure to dismiss with prejudice
would adversely impact the Speedy Trial Act and the administration of
justice in this case.  Defendant Verduzco argues a dismissal without
prejudice is the functional equivalent of granting the Government's
motion for a continuance, filed and denied prior to trial.

     Defendant Padilla argues that the government never had a case
against him and that his life has changed dramatically due to the

ORDER ~ 1

1  charges.  With the current status of the case, Defendant Padilla argues
2  that he will not be free to return to California.

3       The Court does not find any actual prejudice to Defendants.  To
4  dismiss with prejudice would be inappropriate under the facts of this
5  case.  The Court stands by its earlier ruling.

6       Federal courts draw their power to dismiss indictments from two
7  sources.  First, a court may dismiss an indictment if it perceives
8  constitutional error that interferes with the grand jury's independence
9  and the integrity of the grand jury proceeding. "Constitutional error
10 is found where the 'structural protections of the grand jury have been
11 so compromised as to render the proceedings fundamentally unfair,
12 allowing the presumption of prejudice' to the defendant." *United States*
13 *v. Larrazolo*, 869 F.2d 1354, 1357-58 (9th Cir.1989). Constitutional
14 error may also be found "if [the] defendant can show a history of
15 prosecutorial misconduct that is so systematic and pervasive that it
16 affects the fundamental fairness of the proceeding or if the
17 independence of the grand jury is substantially infringed." *Id*. at
18 1358.

19      Second, a district court may draw on its supervisory powers to
20 dismiss an indictment.  The supervisory powers doctrine "is premised on
21 the inherent ability of the federal courts to formulate procedural
22 rules not specifically required by the Constitution or Congress to
23 supervise the administration of justice." *Id*. at 1358.  Before it may
24 invoke this power, a court must first find that the defendant is
25 actually prejudiced by the misconduct.  Absent such prejudice-that is,
26 absent " 'grave' doubt that the decision to indict was free from the

substantial influence of [the misconduct]"-a dismissal is not warranted. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).

Dismissal of an indictment with prejudice is the most severe sanction possible. Such dismissal exercised under the guise of "supervisory power" is impermissible absent "a clear basis in fact and law for doing so." *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir.1977).

The Court has considered the written materials of counsel and cannot find any prosecutorial misconduct or that Defendants have suffered any actual prejudice.  Accordingly,

**IT IS HEREBY ORDERED**:

1.   Defendant Verduzco's Motion for Reconsideration, Ct. Rec. 339, filed on March 26, 2006 in No. CR-05-2087-LRS-3, is **DENIED**.

2.   Defendant Padilla's Motion to Join in Motion to Reconsider Dismissal Without Prejudice, Ct. Rec. 346, filed on March 28, 2006 in No. CR-05-2087-LRS-5 is **GRANTED in part and DENIED in part**.  The request for joinder is granted but the motion to reconsider dismissal without prejudice is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this   31st   day of March, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge